UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM PRAILEAU,

                Petitioner,

    -against-                                        9:14-CV-0245 (LEK/CFH)

THE UNITED STATES, *et al.*,

                Respondents.

## **DECISION and ORDER**

**I.**    **INTRODUCTION**

Presently before the Court is Petitioner William Praileau's ("Petitioner") Amended Petition for a writ of habeas corpus. Dkt. No. 10 ("Amended Petition"). For the reasons that follow, Petitioner will be given one final opportunity to amend his Petition.

**II.**    **BACKGROUND**

In March 2014, Petitioner filed an action that was liberally construed as a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an application to proceed *in forma pauperis*. Dkt. Nos. 1; 2 ("IFP Application"); 4 ("Original Petition"). In a Decision and Order dated April 24, 2014, the Court granted Petitioner's IFP Application and directed him to file an amended petition. Dkt. No. 8 ("Order"). Petitioner appeared to argue that he was being detained as a result of proceedings in Schenectady County Court in connection with state Indictment Number B-207-1. Order at 4-5. But it was unclear from the Original Petition what claims Petitioner was attempting to raise in relation to that indictment and whether those claims were properly exhausted. Id.

Petitioner was given an opportunity to file an amended petition that identified the name and location of the court that entered the judgment of conviction he was trying to challenge, the date of

the judgment of conviction, the offense(s) for which he was convicted, the length of the sentence received, and the date on which the court imposed the sentence. Order at 9. He was also instructed to clearly state all of the grounds upon which he based his amended petition, the facts supporting each ground, and information demonstrating that each claim has been properly exhausted. Id. at 9. The Court also dismissed five "causes of action" asserted by Petitioner because they did not relate to or challenge a conviction or execution of a sentence, and because the claims were frivolous. Id. at 6-8. Finally, the Court dismissed any challenges to the conditions of Petitioner's confinement because those claims are more appropriately brought pursuant to 42 U.S.C. § 1983. Id. at 7-9.

Petitioner filed his Amended Petition on May 5, 2014. Am. Pet. On May 27, 2014, he filed a Letter asserting several challenges to the conditions of his confinement. Dkt. No. 12 ("Letter").

## III. THE AMENDED PETITION

Petitioner's Amended Petition is, like the Original Petition, difficult to decipher. Petitioner claims that on August 9, 2006, he was compelled to appear in Glenville Town Court in Schenectady County, and that a prosecutor appeared on behalf of New York. Am. Pet. at 1-2. Petitioner was compelled to appear in Schenectady County Court on October 1, 2007, and was transferred to the custody of the Department of Corrections and Community Supervision ("DOCCS") on December 26, 2007. Id. at 3, 5.

Petitioner asserts that his detention is unlawful because he was denied due process and equal protection of the laws, and he has not been told the "true nature" of the charges against him. Am. Pet. at 2-3. He also claims that there is no evidence of a valid "judicial action/special proceeding" against him, or of a judgment or conviction. Am. Pet. at 2-5. According to Petitioner, his attorney did not act effectively between December 2007 and April 2009, and in April 2009 Petitioner began

filing motions to obtain certified records. Id. at 5-6. Petitioner further claims that under New York law, felony charges must be "issued by a Grand Jury" and he did not waive that right. Id. at 3.

Petitioner requests the Court to direct Respondents to show cause for his detention and provide certified copies of "files, records, transcripts, documents, microfiche, and related materials" related to his detention. Am. Pet. at 8-9. In the alternative, Petitioner requests that the Court invoke its "SUPPLEMENTAL/PENDANT jurisdiction" to "settle all related outstanding state claims, liens and damages for an agreed TAX FREE AND CLEAR amount of sixteen million, five hundred thousand dollars ($16,500,000.00)." Id. at 10.

## IV. DISCUSSION

Petitioner has not complied with the Court's Order, or with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). He appears to be challenging criminal proceedings that took place in Schenectady County, but he has not indicated whether he was convicted of any crime and, if so, the offense(s) for which he was convicted, the date of conviction, the date he was sentenced, and what sentence was imposed. See Am. Pet. Instead, Petitioner states that what happened in Schenectady County Court "need NOT be elaborated herein" because he was denied due process. Id. at 3.

Habeas Rules 2(c)(1) and (2) require that a petitioner specify all grounds for relief and the facts supporting each ground. Petitioner has not stated any grounds for relief, much less any facts to support the grounds he intends to raise. See Am. Pet. at 5-6. Petitioner alleges generally that his due process and equal protection rights have been violated, and he may be attempting to assert a claim that counsel was ineffective. But the Court declines to speculate as to what grounds and supporting facts Petitioner seeks to advance. Petitioner has also included general information and

3

dates related to what he refers to as "motion practice" in the New York courts, Am. Pet. at 5-7, but without more information the Court cannot determine whether Petitioner's claims are timely and whether they have been properly exhausted, see 28 U.S.C. §§ 2244, 2254(b). In light of his *pro se* status, Petitioner will be given one final opportunity to file an amended petition addressing these deficiencies.

As noted in the April 24 Order, claims for damages, as well as claims challenging the conditions of Petitioner's confinement—including those asserted in Petitioner's Letter—are not properly before the Court as part of a habeas corpus proceeding and will not be considered. Order at 6-8. These claims should not be included in any amended petition submitted in accordance with this Decision and Order.

Finally, Petitioner has named several Respondents. Am. Compl. at 1. Rule 2(a) of the Habeas Rules requires that if "the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Therefore, in any amended petition, Petitioner must name the superintendent of the facility in which he is incarcerated in order to comply with Rule 2.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that if Petitioner wants to challenge the conditions of his confinement, he may file a civil rights action pursuant to 42 U.S.C. § 1983, which will be subject to review under the Prisoner Litigation Reform Act of 1996. The Clerk is directed to send Petitioner a § 1983 prisoner civil rights packet. Petitioner should not include claims challenging the conditions of his confinement in an amended habeas petition; and it is further

**ORDERED**, that Petitioner may file an amended habeas petition **within thirty (30) days** of the filing date of this Decision and Order. The Clerk is directed to provide Petitioner with a blank § 2254 habeas petition for that purpose. Petitioner shall fully complete each and every part of the blank petition, including the portions which require him to state the name and location of the court which entered the judgment of conviction, the date of the judgment of conviction, the offense(s) for which he was convicted, the length of the sentence received, and the date upon which the court imposed the sentence. Petitioner must also clearly state all of the grounds upon which he bases his petition, and the facts supporting each ground. The amended petition must also set forth information demonstrating that each claim Petitioner wants the Court to consider has been properly exhausted, including the date(s) upon which any administrative or state court applications were filed with regard to each claim, the name and location of the agency or state court in which each application was filed, the date(s) upon which each application was denied, and any efforts Petitioner took to appeal the denial of any administrative or state court application. Petitioner shall not incorporate any portion of any prior Petition into his amended petition by reference, and must include all relevant information in the amended petition. Petitioner shall submit only one amended petition in accordance with the terms of this Decision and Order. Petitioner must sign and date the amended petition; and it is further

**ORDERED**, that if Petitioner fails to file an amended petition **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court; and it is further

**ORDERED**, that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

DATED: May 29, 2014
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge